UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM CALDWELL,

        Petitioner,

    v.

LUIS GARNICA,

        Respondent.

No.  2:26-cv-0175-CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner William Caldwell, a state prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Previously, the undersigned dismissed the petition filed on January 21, 2026, with leave to amend, because it did not set forth any specific grounds for relief and did not provide supporting facts for any claims. (ECF No. 6.) A first amended petition is before the court for screening. (ECF No. 8.)

Under Habeas Rule 4, the court determines whether it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Habeas Rule 2(c) requires a petition to (1) specify all grounds of relief available to the petitioner, (2) state the facts supporting each ground, and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. Mayle v. Felix, 545 U.S. 644, 655 (2005). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

1

The first amended petition does not state a claim that petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Petitioner challenges a 1998 conviction for simple possession of methamphetamine for which he was sentenced to 25 years to life. (ECF No. 7 at 1.) The first amended petition contains minimal facts, does not plead any specific claims, and states simply that petitioner has served 32 years and seeks release. (Id. at 6.)

Any claims petitioner could bring to challenge this conviction and sentence are untimely because the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") has long since expired. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) ("AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court.") (citing 28 U.S.C. § 2244(d)(1)). Even considering the possibility of tolling, there is no plausible scenario in which this application for relief is timely filed.

In addition, petitioner's application for relief in this court should be dismissed without prejudice because the amended petition makes clear petitioner has not exhausted state court remedies as to any claims challenging his 1998 conviction. Petitioner must exhaust available state judicial remedies before he can proceed in federal court. See 28 U.S.C. § 2254(b)(1). It is petitioner's burden to prove that state judicial remedies were properly exhausted, and this court may raise the exhaustion issue *sua sponte*. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

A petitioner satisfies the exhaustion requirement by providing the highest state court with the necessary jurisdiction and a fair opportunity to consider each claim before presenting it to the federal court, and by demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275 (1971); Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011). When none of a petitioner's claims have been presented to the highest state court, the court should ordinarily dismiss the petition. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner does not provide the case number for any prior appeal or collateral attack to the challenged conviction. Petitioner states "I was told it would be automatic and that I never could file anything more." (ECF No. 7 at 3.) Petitioner does not allege he has presented any claims challenging his 1998 conviction or the resulting sentence to the California Supreme Court.

2

Petitioner also does not allege circumstances under which state court remedies are no longer available to him. Thus, the petition should be dismissed without prejudice because it is unexhausted.

Good cause appearing, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED as follows:

1.  Petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2026

_Carolyn K. Delaney_

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 cald0175.fr

3